# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46766

STATE OF IDAHO,

  Plaintiff-Respondent,

v.

WILLIAM JOSEPH HALE, II,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 13, 2020

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for two counts of possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

  William Joseph Hale, II, appeals from his judgment of conviction for two counts of possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

  One evening, an officer stopped the vehicle Hale was driving for failing to display license plates or a temporary permit. Hale provided his driver's license to the officer and informed him that there was a valid temporary permit that the officer had not previously seen in the vehicle's tinted rear window. Hale also stated that he was borrowing the vehicle from someone who lived nearby. When asked for the vehicle's registration and proof of insurance,

1

Hale was able to provide only a registration card for the vehicle. After examining the temporary permit in the vehicle's rear window, the officer returned to his patrol vehicle to conduct routine license, registration, and warrant checks. While running the checks, the officer also requested that a drug-detection dog respond to the scene.

The officer's checks did not reveal any active warrants for Hale or show that the vehicle's registration was invalid. However, the address of the vehicle's registered owner contained in law enforcement databases did not match the information Hale had verbally provided. The officer reinitiated contact with Hale to verify his claim that he had the owner's permission to use the vehicle. After receiving the owner's phone number from Hale, the officer returned to his patrol vehicle, contacted the owner by telephone, and began completing a citation for failure to provide proof of insurance. While the officer was speaking with the owner, a second officer arrived at the scene and used his drug detection dog to conduct a free-air sniff around the vehicle Hale was driving. Before the first officer completed the citation, the drug detection dog alerted to the presence of drugs in the vehicle. Searches of the vehicle yielded controlled substances and drug paraphernalia.[1]

The State charged Hale with two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and a persistent violator enhancement. Hale moved to suppress the controlled substances and drug paraphernalia discovered in the vehicle, arguing that the officer lacked reasonable suspicion to initiate a traffic stop and that the stop was unlawfully extended. The district court denied Hale's motion. A jury found Hale guilty of the two counts of possession of a controlled substance, I.C. § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A. Hale then admitted to being a persistent violator. I.C. § 19-2514. Hale appeals.

## II.

## STANDARD OF REVIEW

---

[1] The drug paraphernalia was discovered during a search conducted shortly after the drug detection dog alerted to the presence of drugs in the vehicle. A later, second search of the vehicle, conducted after Hale was placed under arrest for possession of drug paraphernalia, revealed the controlled substances.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

### III.

### ANALYSIS

Hale argues that the district court erred in denying his motion to suppress. Specifically, Hale contends that the controlled substances and drug paraphernalia in the vehicle he was driving were discovered due to an unlawful extension of the traffic stop. The State responds that the district court correctly concluded that the stop was not extended because verifying whether Hale had permission to drive the vehicle was an appropriate inquiry incident to the traffic stop. Alternatively, the State argues that any extension of the stop was justified by reasonable suspicion. We hold that no unlawful extension of the traffic stop occurred.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). An officer's authority to seize an individual as part of a traffic stop ends when the tasks related to the infraction are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *see also Illinois v. Caballes*, 543 U.S. 405, 407 (2005).

The district court found that the officer initially stopped Hale on suspicion he was driving without license plates or a temporary permit. Before this suspicion was dispelled, the officer learned of two additional concerns. First, Hale was unable to provide proof the vehicle he was

3

driving was insured, a violation of I.C. § 49-1232(1). Second, Hale was driving someone else's vehicle. Although Hale claimed he had the owner's permission to drive the vehicle, Hale's description of where the owner lived did not match the information contained in law enforcement databases. The district court further found that the officer's efforts to verify whether Hale had the owner's permission extended the stop until after the drug detection dog had alerted to the presence of controlled substances in the vehicle.[2] Based on these findings and application of relevant Fourth Amendment principles, the district court concluded that Hale was lawfully detained for the duration of the traffic stop.

Hale argues that the officer's inquiry into whether he had authority to drive the vehicle unlawfully extended the traffic stop under the Supreme Court's decision in *Rodriguez*. According to Hale, verifying his authority to drive the vehicle violated the Fourth Amendment because it did not constitute one of the approved "ordinary inquiries" identified in *Rodriguez*. Although *Rodriguez* addressed the permissible scope of a drug-dog sniff in the context of a traffic stop, it did not exhaustively define the scope of constitutionally acceptable inquiries during a traffic stop.

In *Rodriguez*, the Supreme Court recognized that the mission of a traffic stop includes determining whether to issue a traffic citation and the "ordinary inquiries" incident to the stop. *Rodriguez*, 575 U.S. at 355. The Court stated that "such inquiries typically include checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* The Court reasoned that such "checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly." *Id.* Hale interprets this language from *Rodriguez* to mean that *any* inquiry made during a traffic stop must be one of the specifically identified ordinary inquiries *or* the inquiry must relate to a safety concern. This is neither the holding nor the logical extension of *Rodriguez*.

---

[2] It is well-established that a drug-dog sniff conducted during a lawful traffic stop is constitutionally permissible if it is executed in a reasonable manner and does not itself infringe upon a constitutionally protected privacy interest. *State v. McGraw*, 163 Idaho 736, 739, 418 P.3d 1245, 1248 (Ct. App. 2018). Hale does not contend that the sniff itself was unlawful; he only contends that the sniff would not have occurred but for the prolonged traffic stop.

4

The issue before the Court in *Rodriguez* was "whether police routinely may extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff." *Id.* at 353. The Court held that police could not do so. The Court also indicated that an officer cannot delay issuing a citation in an effort to extend the stop in order to accommodate a drug-dog sniff. *See id.* at 357. Thus, the Court identified the "critical question" as whether the drug-dog sniff "adds time" to the stop. *Id.* The facts of this case diverge from *Rodriguez.* Unlike in *Rodriguez*, the drug-dog sniff did not occur after an otherwise-completed traffic stop; the sniff occurred during the traffic stop. The sniff also did not "add time" to the stop; the sniff occurred while the officer was determining whether Hale had authority to drive the vehicle. Although the evidence Hale sought to suppress was discovered as a result of the drug-dog sniff, the constitutional question in this case is not about the sniff at all. *See Caballes*, 543 U.S. at 408 (recognizing that "conducting a dog sniff would not change the character of a traffic stop that is lawful at its inception and otherwise executed in a reasonable manner, unless the dog sniff itself infringed respondent's constitutionally protected interest in privacy"). Rather, the constitutional question is instead about whether the officer's inquiry into Hale's authority to drive the vehicle comported with the Fourth Amendment.

The Fourth Amendment to the United States Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." As the text indicates, the "touchstone of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991); *see also State v. Rios*, 160 Idaho 262, 264, 371 P.3d 316, 318 (2016). Under the circumstances, there was nothing unreasonable about the officer's inquiry into whether Hale was authorized to drive the vehicle. Hale admitted the vehicle did not belong to him but claimed he had permission to drive it. The officer, however, had concerns about the validity of Hale's claim because of an inconsistency between where Hale said the driver lived and other information available to the officer. The officer took reasonable steps to inquire further.

We reject Hale's assertion that the mission of a traffic stop includes only those inquiries expressly identified in *Rodriguez* or inquiries that relate to safety. We do not think the Fourth

Amendment limits law enforcement to inquiring only about a driver's license, registration, proof of insurance, and warrant status under all circumstances. Where, as here, an officer has reasonable grounds to believe that the driver has provided an untruthful response to an inquiry relevant to a traffic stop, the officer does not abandon the traffic stop's mission by conducting a reasonable inquiry to verify the truthfulness of that response. We therefore hold, as did the district court, that during the course of a traffic stop an officer may take reasonable steps to verify a nonowner-driver's claim of permission to drive the stopped vehicle where there is reason to be skeptical of that claim. Accordingly, Hale has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that the officer could detain Hale while making a reasonable inquiry into his claim that he was driving someone else's vehicle with the owner's consent. Thus, Hale has failed to show that the district court erred in denying his motion to suppress. Accordingly, Hale's judgment of conviction for two counts of possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.